Filed 10/1/13  P. v. Garman CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON JAMES GARMAN,<br><br>    Defendant and Appellant. | D063178<br><br><br><br>(Super. Ct. No. SCN298061) |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Cannon & Harris and Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Jason James Garman of one count of mayhem (Pen. Code,[1] § 203) and one count of assault with force likely to produce great bodily injury (§ 245, subd. (a)(1)).  The jury also found Garman personally inflicted great bodily injury on the

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

victim (§ 12022.7, subd. (a)). The court thereafter found true two prison priors within the meaning of section 667.5, subdivision (b); one prison prior within the meaning of section 667.5, subdivision (a); and one strike prior within the meaning of section 667, subdivisions (b) through (i).

The court denied probation and sentenced Garman to a determinate term of 20 years in prison. Garman filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising a possible, but not arguable issue. We offered Garman the opportunity to file his own brief on appeal. Garman has filed a letter brief which we will address below.

## STATEMENT OF FACTS

On October 20, 2011, 16-year-old Bryan K. and Victoria D., a 16-year-old female friend, were at the home of their mutual friend Travis C., sometime around 8:00 or 9:00 p.m. Fifteen-year-old Travis lived with his mother, Diane C. Garman had been Diane's boyfriend and had lived at the house for a couple of months. Garman had moved out of the house prior to October 20.

The three teenagers were walking around the back yard of the house when Diane told them to leave. About the same time a man ran up and struck Bryan on the eye with an overhand strike, knocking him to the ground. The man had a shiny object in his hand, which Bryan thought was a gun. The man, who was dressed in black and wearing a "hoodie," ran away. Bryan suffered severe injury to his eye. The medical testimony established Bryan will never be able to see with that eye.

2

Witness Olie Boughner was staying at the house in the front of the lot on the day of the incident. He testified he had met Garman at the house and that he knew Garman and his brothers.

Boughner testified that he observed Garman run onto the lot and strike Bryan in the face. Boughner was only two feet away from Garman when he looked at Garman's face. It appeared that Garman had a small silver revolver in his hand.

Garman ran out of the house and down 11th Street. None of the teenagers was able to identify the assailant.

Garman was arrested by Escondido Police. Garman told police he had been home in bed and that he did not know that address and he had not been there.

Garman's stepfather testified that when he went to bed at about 11:00 p.m. that night, Garman was already in bed.

DISCUSSION

I

*APPELLATE COUNSEL'S BRIEF*

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies one possible, but not arguable issue:

Whether the inclusion of a requirement that the prosecutor prove serious bodily injury in the jury instruction on mayhem constituted prejudicial error?

Appellate counsel directs our attention to *People v. Santana* (2013) 56 Cal.4th 999. That case found that prosecutors did not have to prove serious bodily injury in order to prove mayhem. Hence the court concluded the additional burden placed on the prosecution in earlier versions of the instruction did not cause prejudice to defendants. The same reasoning applies in this case. Thus, no reasonably arguable issue is presented regarding this issue.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738 and have not found any reasonably arguable appellate issues. Competent counsel has represented Garman on this appeal.

II

*GARMAN'S SUPPLEMENTAL BRIEF*

As we have previously indicated, Garman has filed a letter brief in response to our invitation. Unfortunately, the brief is simply a listing of complaints about counsel, with no reference to anything in the record on appeal. Garman claims he is developmentally disabled and that counsel failed to read materials to him. He states he wanted to testify but was not allowed to do so by counsel. Garman further states counsel was not competent in examining witnesses and failed to call exculpatory witnesses. Finally, Garman claims he is entitled to a new trial with an Americans with Disabilities Act qualified attorney.

Garman does not make any reference to the record nor does he indicate how counsel was deficient or what exculpatory evidence might have been omitted. We have reviewed the entire record to determine if there is any basis in this record for a reasonably

4

arguable issue regarding counsel's representation at trial.  Our review has not revealed the basis for any such issue.

It appears that Garman's complaints are based on alleged acts or failures which are not contained in the record on appeal.  Thus his remedy, if any, will have to be by way of a petition for writ of habeas corpus filed in the trial court.

DISPOSITION

The judgment is affirmed.

_____<br>HUFFMAN, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
HALLER, J.